FIDELITY & DEPOSIT CO. v. CLAYPOOL et.

Ohio Appeals, 4th Dist., Ross Co.

Decided Dec. 8, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

**1017.    REMEDY—473.    Estates — Where estate consists solely of money claimed to have been stolen from bank and Fidelity Company, under claim of subrogation, elects to recover money judgment rather than attempt to pursue stolen funds, such company cannot, by exception to account of administrator, recover entire estate.**

Error to Common Pleas.
Judgment affirmed.

George B. Bitzer and Earl B. Cameron, Chillicothe, for Fidelity Co.
Garrett S. Claypool and John P. Phillips, Jr., Chillicothe, for Claypool.

FULL TEXT.

MAUCK, J.

Garrett S. Claypool and John P. Phillips, Jr., as administrators of the estate of C. V. Stewart filed their first and final account of distribution in the Probate Court showing the receipt by them of $2,004.00 and such disbursements for costs, expenses, funeral expenses, etc., as to reduce the net estate to $1,258.47. To this account the Fidelity and Deposit Company of Maryland filed exceptions, representing itself as a creditor of the estate, its exceptions going to every item of the account showing an expenditure or charge against the estate, and claiming that the whole $2,004.00 should be paid it free of all charges. After a hearing in the Probate Court the case was appealed to the Common Pleas where the exceptions were overruled. Error is prosecuted to this court from that judgment of the Common Pleas.

The bill of exceptions consists solely of documentary evidence, from which it can be gathered that the decedent, Stewart, had stolen certain money from a Columbus bank and that the exceptor had issued a protective policy to that bank and had made good the amount stolen. Stewart was either killed or killed himself shortly after the robbery of the bank. $2,004.00 was found on his person and possession of it was taken by the Chief of Police of Chillicothe. Thereafter, at the instance of the

insured bank, an application was made to the Probate Court of Ross County, which court by favor of Section 10625 G. C. appointed Messrs. Claypool and Phillips administrators. Thereafter the exceptor presented to the administrators for allowance as a debt against the estate a claim for the amount which it had paid to the bank by reason of its policy, claiming to be subrogated to the bank's rights in the premises. This claim was disallowed, whereupon the exceptor brought an action at law against the administrators alleging that the money which the chief of police had taken from the body of the decedent and turned over subsequently to the administrators was the identical money stolen from the bank or a part of that which was stolen. A money judgment was sought against the administrators. Upon issue joined the plaintiff in that case obtained a verdict from the jury in the sum of $2,004.00 and judgment was entered upon that verdict in the following language:

"It is therefore considered by the court that the said plaintiff, Fidelity and Deposit Company of Maryland, recover from the said defendants, Garrett S. Claypool and John P. Phillips, Jr., as administrators of the estate of V. C. Stewart, deceased, the said sum of two thousand and four dollars ($2,004.00) as heretofore by the verdict of the jury found due it, with interest from the 8th day of June, 1923, together with its costs herein expended."

Part of the argument of the plaintiff in error seems to go to the claimed illegality of the possession of this money by these administrators. But as the administrators were appointed upon the application of the bank to whose claim the fidelity company was subrogated, and as the fidelity company presented to those administrators a claim predicated upon the bank's rights to the money and thereafter recovered a money judgment for the money claimed to have been appropriated by the administrators' decedent, and as in this present proceeding the fidelity company in its exceptions alleged itself to be a creditor of the decedent and now claims as such, no serious consideration can be given to the collateral attack made upon the administration itself.

It is claimed further that these administrators have the identical money that was stolen from the bank and that that fact was fixed by the judgment recovered by the fidelity company against the administrators. That position is unsound. What the fidelity company recovered was not a right to specific money but a money judgment in compensation for money that had been stolen from the insured bank. Whether the bank, or the fidelity company when subrogated to its rights, could have replevined the money claimed to have been stolen or whether after that money had changed its character by having been deposited in a bank a trust could have been asserted in it in a proceeding in equity can not now be determined. With these two possible remedies available to the bank and the fidelity company they choose to recover a money judgment rather than to attempt to pursue the stolen funds. Having elected to accept a personal judgment they are bound by it, and that personal judgment had no dignity superior to any other valid claim against the estate. Albright v. Meredith, 58 O. S. 194. There is, consequently,

no merit in the claims now made by the plaintiff in error.

The Probate Court, and the Court of Common Pleas by appeal, had authority under Section 10714 G. C. to distribute the estate in question, and there is nothing in the bill of exceptions to indicate any error in the order of distribution made thereunder.

(Middleton, PJ., concurs.)